# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### SEPTEMBER 1998 SESSION

FILED

November 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| LARRY KELLEY, | ) | C.C.A. NO. 03C01-9802-CC-00049 |
| Appellant, | ) | |
| | ) | BRADLEY COUNTY |
| VS. | ) | |
| | ) | HON. CARROLL L. ROSS, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**ASHLEY OWNBY**                    **JOHN KNOX WALKUP**
180 North Ocoee St.                Attorney General & Reporter
Cleveland, TN 37311
     (On Appeal)                   **ELIZABETH B. MARNEY**
                                   Asst. Attorney General
**STEVEN DAVIS CRUMP**             John Sevier Bldg.
P.O. Box 42                        425 Fifth Ave., North
Cleveland, TN 37364-0042           Nashville, TN  37243-0493
     (At Hearing)
                                   **JERRY N. ESTES**
                                   District Attorney General

                                   **REBBLE JOHNSON**
                                   Asst. District Attomey General
                                   P.O. Box 1351
                                   Cleveland, TN 37364


OPINION FILED:_____



**DELAYED APPEAL GRANTED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

A jury found the petitioner guilty of first-degree murder on December 5, 1991, and a trial court subsequently sentenced the petitioner to life imprisonment. The petitioner timely appealed to this Court, which affirmed the petitioner's convictions. See State v. Kelley, 868 S.W.2d 733 (Tenn. Crim. App. 1993). The petitioner's counsel, Mr. Randy Rogers, failed to file an application to appeal by permission to the Tennessee Supreme Court for further review.

On May 3, 1995, the petitioner filed a petition for post-conviction relief, alleging, inter alia, that his counsel was ineffective for failing to timely seek review by the Tennessee Supreme Court. At the post-conviction hearing, the petitioner testified that after his conviction had been affirmed by the Court of Criminal Appeals, he never spoke with Mr. Rogers or received any advice or information on how to file a pro se appeal or retain another attorney to file an appeal to the Tennessee Supreme Court. Mr. Rogers also testified. He did not recall advising the petitioner of his option to appeal to the Supreme Court and admitted it just "fell between the tracks and the cracks." The post-conviction court found that the petitioner's counsel was ineffective for failing to notify the petitioner of his option to seek review by the Tennessee Supreme Court. The post-conviction court denied relief on the other grounds alleged in the petitioner's petition, finding them to be without merit.

On appeal, the petitioner argues only that he is entitled to seek delayed review by the Supreme Court. The State concedes. Considering the trial court's finding that the petitioner's counsel failed to notify the petitioner of his option to seek review by the Supreme Court, we conclude that the petitioner is entitled to a delayed appeal.

2

Therefore, we vacate our judgment in <u>State v. Kelley</u>, 868 S.W.2d 733 (Tenn. Crim. App. 1993)(C.C.A. No. 03C01-9207-CR-00239, filed August 11, 1993), and reinstate it as of the date of release of this opinion, for the sole purpose of reinstating the time allowed to file his application seeking permission to appeal his conviction to the Tennessee Supreme Court.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID G. HAYES, Judge

3